# Exhibit 3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MEGAUPLOAD LIMITED, a Hong Kong corporation, KIM SCHULTZ, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 11cv0191 - IEG (BLM)<br><br>**ORDER GRANTING JOINT MOTION TO VACATE ORDER**<br><br>[Doc. No. 23] |

Presently before the Court is the parties' joint motion to vacate the Court's July 26, 2011 Order granting in part and denying in part Defendant Megaupload Limited's motion to dismiss. [Doc. No. 23.] The parties have settled this lawsuit, and this joint motion to vacate the Court's order is a key term of the settlement agreement. [Doc. No. 23-2, Declaration of Venkat Balasubramani ¶¶ 1, 3.]

Federal Rule of Civil Procedure 60(b) "empowers a district court to vacate its judgment for any reason justifying relief from the operation of the judgment." Auto. Club of S. Cal. v. Mellon Bank (DE) Nat'l, 224 F.R.D. 657, 659 (C.D. Cal. 2004). "The court should balance 'the competing values of finality of judgment and right to relitigation of unreviewed disputes,' in deciding whether to grant the instant motion and vacate the judgment." Id. (citing Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 722 (9th Cir.1982)).

Here, where the parties have settled the litigation and jointly seek vacatur, it is appropriate

- 1 - 11cv0191

to vacate the Court's prior order. See, e.g., Adobe Sys. Inc. v. St. Paul Fire and Marine Ins. Co., 2008 WL 1743879, at *1 (N.D. Cal. Apr. 8, 2008); Auto. Club of S. Cal., 224 F.R.D. at 659. Accordingly, the Court **GRANTS** the joint motion and **VACATES** its July 26, 2011 Order granting in part and denying in part Defendant Megaupload Limited's motion to dismiss [Doc. No. 16].

**IT IS SO ORDERED.**

**DATED:** October 8, 2011

*[signature: Irma E. Gonzalez]*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**