MUNGER, TOLLES & OLSON LLP
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

MUNGER, TOLLES & OLSON LLP
JONATHAN H. BLAVIN (SBN 230269)
Jonathan.Blavin@mto.com
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendant
UNIVERSAL MUSIC GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MEGAUPLOAD LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL MUSIC GROUP, INC., <br><br> Defendant. | CASE NO.  C-11-6216 CW <br><br> **DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR TRO** <br><br> Judge:       Honorable Claudia Wilken |

1    Megaupload concedes that its request for injunctive relief is moot as to any posting on

2    YouTube.  Megaupload nevertheless tries to maintain a false sense of urgency with speculation

3    that UMG was sending takedown notices to Vimeo, Imgur or others.  We have investigated these

4    matters (having only been retained on Wednesday of this week), and can report that UMG did not

5    send a takedown notice to or otherwise ask any website (other than YouTube) to remove the

6    Video.  This includes Vimeo and Imgur, about whom Megaupload continues to speculate.

7    Moreover, while we believe our Opposition was clear, so there is no confusion on the point:

8    UMG will not ask any website—YouTube or any other—to remove the Video pending the

9    resolution of this litigation.  In short, Megaupload's request for injunctive relief—in addition to

10   numerous other jurisdictional and legal problems—is entirely moot.  Assuming it is substituted in

11   as the Defendant, UMG will litigate Megaupload's § 512(f) claim and show that it is without

12   merit.  This can and should be done in the ordinary course.  There is no emergency; no threat to

13   "the proper functioning of the Internet," Supp. Stmt. Re Urgency (Dkt. 9), at 1:7-8;  and no cause

14   for Megaupload to jump the queue and burden the Court and UMG with needless expedited

15   discovery and a preliminary injunction motion.

16   If the Court does order expedited discovery, then that has to be a two-way street—not the

17   one-way street that Megaupload demands.  At a minimum, UMG would be entitled to take

18   expedited discovery regarding the creation of the Video (including all consents and

19   communications with those appearing in the Video about the Video and its purpose);

20   Megaupload's plans for displaying the Video, plans with which Megaupload says UMG has

21   incalculably interfered; and Megaupload's users and prospective users whom Megaupload says it

22   intended the Video to reach, and in particular discovery to test the veracity of Megaupload's

23   assertion that it intends for its services to be used only for legitimate, non-infringing purposes.

24   All of these subjects can and will be explored in discovery in the ordinary course.  However, if

25   the Court issues an OSC and expedited discovery, then all of these matters would be highly

26   relevant to Megaupload's claims of likely success, irreparable harm, and having the equities and

27   public interest on its side—including Megaupload's claim that UMG's actions have irreparably

28   harmed "Megaupload's reputation as a responsible provider of file services."  Mot. at 14:25.

SUPP. RESPONSE
CASE NO. C-11-6216 CW

1      DATED: December 16, 2011                    MUNGER, TOLLES & OLSON LLP

2                                                  By: */s/ Kelly M. Klaus*
                                                        Kelly M. Klaus
3
                                                   Attorneys for Defendant
4                                                  UNIVERSAL MUSIC GROUP, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPP. RESPONSE
CASE NO. C-11-6216 CW