MUNGER, TOLLES & OLSON LLP
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

MUNGER, TOLLES & OLSON LLP
JONATHAN H. BLAVIN (SBN 230269)
Jonathan.Blavin@mto.com
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendant
UNIVERSAL MUSIC GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEGAUPLOAD LTD.,

Plaintiff,

v.

UNIVERSAL MUSIC GROUP, INC.,

Defendant.

CASE NO. C-11-6216 CW (JSC)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO SHORTEN TIME FOR HEARING ON MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO FED. R. CIV. P. 26(f) CONFERENCE**

Date: February 2, 2012
Time: 9:00 a.m.
Crtrm: F (15th Floor)
Judge: Hon. Jacqueline Scott Corley

Plaintiff Megaupload's motion to shorten time rests on the same false cries of urgency as Megaupload's underlying motion to jump the queue to conduct early one-sided merits discovery. There is absolutely no emergency here and no reason why Megaupload cannot play by the rules. Megaupload is not moving for a preliminary injunction. Judge Wilken denied Megaupload's initial motion for emergency relief—a TRO application—as moot. Dkt. No. 18. As we will explain in our opposition to Megaupload's discovery motion (due January 10), Megaupload is seeking one-way merits discovery, not "limited" discovery to name "Doe" defendants. And the two reasons that Megaupload gives for jettisoning the Federal Rules' discovery timetable are completely contrived: (1) Megaupload knows who the proper corporate defendant is, because we told Megaupload the name of that corporation back on December 15; and (2) Megaupload has not remotely shown that any party or any third party is likely to destroy any potentially relevant evidence before the time for serving discovery in the ordinary course; indeed, Megaupload does not even say that it has asked any third party website (namely, YouTube) to preserve any information pending Megaupload's promised subpoena. Notably, Megaupload demands a hurry-up hearing without Megaupload having been inconvenienced in the slightest: Megaupload told the undersigned on December 28 that Megaupload wanted a shortened-time hearing, but then waited until January 5 to file this motion, *see* Klaus Decl., Ex. A[1]; and Megaupload proposes to give itself the full amount of time under the Local Rules to file its reply. Megaupload seeks instead to inconvenience *the Court*, and that demand is completely unjustified. This administrative motion should be denied, and the existing schedule should remain in place.

Megaupload does not even state the standards for an order shortening time. The omission can hardly be considered accidental. "An order shortening time on a motion necessarily delays resolution of other matters pending before the court. Because a motion for such an order is effectively a request to jump the line, good cause is required." *Belinda K. v. Baldovinos*, 2011

[1] Megaupload tries to excuse its delay in filing the motion to shorten time on the ground that the matter was not referred to this Court for discovery purposes until January 4. If there was true urgency, Megaupload could and should have had this motion filed before the referral, so the assigned Court could act on it immediately. It instead appears that Megaupload waited until the evening of January 5—a Thursday—to file this motion, so Megaupload could inconvenience Defendant's counsel with having to prepare its opposition over the weekend. Megaupload's claim of urgency rings hollow, and its tactics are transparent.

WL 335315, at *2 (N.D. Cal. Feb. 1, 2011). The movant must show that it would suffer "substantial harm or prejudice" if the "Court did not change the time." Civ. L.R. 6-3(a)(3). *See also Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that the "moving party is without fault in creating the crisis" or that the "crisis occurred as a result of excusable neglect."). A motion to shorten time "is inappropriate where the 'irreparable prejudice' being complained of is nothing more than the ordinary costs incidental to litigation and where the purported 'crisis' is partially the fault of the moving party." *Thomas Weisel Partners LLC v. BNP Paribas*, 2009 WL 55946, at *3 n.2 (N.D. Cal. Jan. 7, 2009).

Megaupload asserts there are two reasons for a hurry-up hearing, but neither of these excuses holds water. Megaupload first argues that it needs to "identify all proper Defendants' true names" before the Rule 26(f) conference. Mot. at 1, 4 (Dkt. No. 30). This is makeweight. In the first place, Megaupload's claim that it cannot identify the proper corporate defendant within the Universal Music Group is manufactured. Megaupload has named one corporation (Universal Music Group, Inc.), and Defendant told the Court and Megaupload back on December 15 that the entity that communicated with YouTube regarding Megaupload's video was UMG Recordings, Inc., which is an indirect subsidiary of the already named defendant. *See* Dkt. No. 14 at 1 n.1.[2] But even if Megaupload claims that it is not positive it has named exactly the right entity Defendant, that claim does not justify expedited discovery, or an expedited hearing. As Magistrate Judge Ryu explained in a recent Order: "Courts in this Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously [1] can identify *no defendants* and [2] legitimately fears that information leading to their whereabouts faces imminent destruction." *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D.

---

[2] Megaupload's cry that we did not support this assertion with a company declaration, or provide Megaupload with reams of documents showing the corporate relationship, is a red herring. Defendant's opposition brief will be accompanied by a declaration from a corporate representative. And the law does not require a defendant to produce documents so the plaintiff can claim it is satisfied that it has named the right defendant. If that were the law, then the Federal Rules' timetable for discovery would be meaningless and routinely evaded.

Cal. June 17, 2011) (emphasis added). As noted, Megaupload *has* named one defendant; and that Defendant *has identified* the corporate subsidiary that should be opposite the "v." from Megaupload. This is not a "no defendant" case. The only case that Megaupload cites, repeatedly, in support of this motion—*Camelot Distribution Group v. Does 1 through 1210*, 2011 WL 4455249 (E.D. Cal. Sept. 23, 2011) (Mot. at 3, 4, 5)—is completely inapposite. In that case, the plaintiff "*only named Doe defendants*," and the plaintiff could not "conduct a Rule 26(f) conference without knowing the names and contact information of the Doe defendants." *Id*. at *3 (emphasis added).

Megaupload's counsel can have a fully meaningful Rule 26(f) conference of counsel with the undersigned, since we will represent UMG Recordings, Inc. if and when Megaupload decides that the perceived tactical advantages of keeping that party out of the case have run their course.[3] Indeed, if Megaupload still has not put UMG Recordings, Inc. into the case by the time of the Rule 26(f) conference, we will tell Megaupload at the conference—and the Court in our case management statement—what UMG Recordings, Inc. proposes for the case management schedule. Megaupload insinuates in this motion (and the underlying discovery motion) that there may be numerous entities within the Universal Music Group of companies that should be named as defendants. We will explain in our filed opposition why Megaupload's contention is wrong. But even if Megaupload was right, that would provide no cause for a hurry-up hearing, or for expedited discovery. There is no rule of law that says a plaintiff is entitled to discovery to identify every possible defendant within a corporate family before the parties can have a meaningful case management conference. If, after ordinary course discovery, Megaupload believes it has facts sufficient to justify adding an additional party—and if Megaupload's counsel could make such a motion consistent with his Rule 11 obligations—that would not require a "do-over" of the Rule 26(f) conference or the case management conference. New parties are added all

[3] Megaupload's claim that expediting the hearing and discovery may do a favor for Universal Music Group, Inc., Mot. at 2, is facetious. As explained in the text, the undersigned represents UMG Recordings, Inc. as well as Universal Music Group, Inc. in this matter. Moreover, our opposition submission will demonstrate that documents from the relevant custodians on the defense side are being retained without regard to the corporate entity that employs those custodians.

the time in civil litigation. The mere potential that they may be added does not justify expedited discovery. More to the point of this motion for an order shortening time: If the Court grants Megaupload expedited discovery after a hearing on February 2, and if Megaupload believes it has cause to do so, Megaupload can always request a brief continuance of the Rule 26(f) conference and the case management conference. It seems highly unlikely that the Court's current case management schedule—which was generated automatically the day the complaint was filed, Dkt. No. 4—is set in stone.

Megaupload also argues that shortening the amount of time on its expedited discovery motion will decrease the "likelihood that electronic data in the possession of non-parties," none of whom are explicitly identified, "will be lost." Mot. at 1. The mere possibility that unnamed third parties might destroy potentially relevant evidence would allow any party to obtain expedited third-party discovery, rendering the timing provisions of the Federal and Local Rules meaningless. Moreover, Megaupload has not demonstrated that there is any threat, much less an imminent one, that any unidentified website may destroy any relevant documents or data. Indeed, Megaupload does not even say that it has asked YouTube or any other site to retain such information pending a properly served subpoena at the time when the Federal Rules allow such discovery, much less that YouTube has told Megaupload that it is about to destroy such information. Where a party has "produced no evidence" that third-parties will "destroy electronic data by overwriting in the usual course," but instead offers "mere speculation of document destruction by the third parties," expedited discovery is not warranted and "preservation letters should furnish sufficient notice." *In re Heckmann Corp. Sec. Litig.*, 2010 WL 5887794, at *5 (D. Del. Feb. 28, 2010).

Megaupload's claim that Defendant will not be prejudiced by the motion to shorten time ignores the fact that Megaupload, not Defendant, bears the burden of demonstrating substantial prejudice from the *absence* of shortened time, which it has failed to do. Moreover, Defendant will be prejudiced significantly by the underlying motion itself, which would grant Megaupload wide-ranging, early merits-related discovery in the case, without any corresponding discovery for Defendant, and would upset the orderly, streamlined discovery process contemplated by Rule

26(f). *See Hansen Beverage Co. v. Innovation Ventures, LLC*, 2008 WL 3992353, at *2 (S.D. Cal. Aug. 28, 2008) (defendant "would be unduly prejudiced if" plaintiff "is permitted to request document production in advance" of the Rule 26(f) conference, as the search for and production of "electronically stored information" would be "conducted more effectively after the parties hold their Rule 26(f) conference"). And, as discussed, Megaupload's request to shorten the Court's time to consider the underlying motion (without shortening any of Megaupload's time for briefing) threatens to inconvenience the Court—and without any justification for doing so.

For the foregoing reasons, Megaupload's motion to shorten time should be denied. If the Court does advance the hearing from February 2, the undersigned is not available to attend a hearing on the following dates: January 17, 19, 20 or 25. Klaus Decl. ¶ 3.

DATED: January 9, 2012

MUNGER, TOLLES & OLSON LLP

By: */s/ Kelly M. Klaus*
Kelly M. Klaus

Attorneys for Defendant
UNIVERSAL MUSIC GROUP, INC.