IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAUPLOAD, LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL MUSIC GROUP, INC. and DOES 1 to 100, inclusive <br><br> Defendants. | No. 11-cv-6216 CW (JSC) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO FED. R. CIV. P. 26(f) CONFERENCE (Dkt. No. 21)** |

Pending before the Court is Plaintiff's Motion for Leave to Take Limited Discovery Prior to Fed. R. Civ. P. 26(f) Conference ("the Discovery Motion"). (Dkt. No. 21). Having considered the papers submitted by the parties, and having had the benefit of oral argument on January 23, 2012, the Court DENIES Plaintiff's motion for the reasons set forth below.

## BACKGROUND

Plaintiff filed this case on December 12, 2011 claiming Misrepresentation of Copyright under 17 U.S.C. 512(f). (Dkt. No. 1 at ¶ 1). Plaintiff alleged that Universal Music Group, Inc. ("UMG") caused YouTube and other internet service providers to remove Plaintiff's promotional video ("the video") from public access by means of knowingly false notices of copyright infringement pursuant to 17 U.S.C. 512(c)(3). (Dkt. No. 1 at ¶¶ 1, 17-24). On December 14, 2011, Plaintiff filed an *ex parte* Application for Temporary Restraining Order

and Order to Show Cause Re: Preliminary Injunction, alleging immediate, irreparable and ongoing harm. (Dkt. No. 5. at 4-5). Two days later, Plaintiff acknowledged that the video was once again available to the public. (Dkt. No. 15 at 1:15-22). Accordingly, Plaintiff's Application for Temporary Restraining Order and Order to Show Cause was denied as moot. (Dkt. No. 18).

Plaintiff filed its Discovery Motion on December 27, 2011, by which it sought leave to file subpoenas on internet service providers and non-party UMG entities and document requests and interrogatories on defendant UMG. (Dkt. No. 21 at 1:20-23). Plaintiff claimed a need for expedited discovery to identify other UMG entities that should be substituted as defendants, and to prevent destruction of evidence. (Dkt. No. 21 at 12:21-13:28). The subject matter of the expedited discovery included documents and communications between any service provider and any UMG entity or any other person concerning the video or its removal from access by the public, and any agreement, term or procedure between any UMG entity and any website or service provider which was implicated in the removal or restoration of the video. (Dkt. No. 21 at 1:24-2:15).

In a January 10, 2012 declaration by its General Counsel, UMG identified UMG Recordings, Inc. ("UMGR") as the party which caused the video to be removed. (Dkt. No. 33-4 at ¶8). UMG also identified (but did not produce) a confidential agreement between UMGR and YouTube, which "permits UMGR to block or remove certain videos displayed through YouTube." (Dkt. No. 33-4 at ¶5). UMG further indicated that it had placed a litigation hold on documents potentially relevant to this litigation, throughout all UMG entities. (Dkt. No. 33-4 at ¶10). On January 20, 2012, Plaintiff voluntarily dismissed Defendant UMG from the case but has not attempted to amend its complaint to substitute or add UMGR as a defendant. (Dkt. No. 36).

At oral argument on January 23, 2012, Plaintiff narrowed its proposed early discovery request. Plaintiff now seeks only the terms of the confidential agreement between UMGR and YouTube and "takedown" notices sent from UMGR to YouTube pursuant to that agreement, as well as any notices sent to any other internet service provider.

**DISCUSSION**

Federal Rule of Civil Procedure 26(f) requires the parties to a lawsuit filed in federal court to meet and confer on, among other things, a discovery plan. Fed. R. Civ. P. 26(f)(2). This Rule 26(f) conference must occur at least 21 days before the initial case management conference. Fed. R. Civ. P. 26(f)(1). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). In addition, the parties are required to make certain initial disclosures to the opposing side without a formal discovery request. Fed. R. Civ. P. 26(a). In this case, the parties' initial case management conference is scheduled for March 28, 2012. (Dkt. No. 4). Their last day to conduct their Rule 26(f) conference is March 7, 2012, and initial disclosures are due March 21, 2012. (Id.) Plaintiff, however, does not want to wait until March. It asks the Court to jettison this process and instead allow it to immediately seek certain discovery from UMG and others.

A court may authorize discovery before the Rule 26(f) conference for the parties' convenience and in the interests of justice. Fed. R. Civ. P. 26(d)(1). Courts within the Ninth Circuit apply a "good cause" standard to determine whether to permit such discovery. Apple Inc. v. Samsung Electronics Co., Ltd., No. 11-CV-01846-LHK, 2011 WL 1938154 at *1 (N.D. Cal. May 18, 2011); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, 208 F.R.D. at 276. The court must perform this evaluation based on the "entirety of the record" and the "reasonableness of the request in light of all the surrounding circumstances." Facebook, Inc. v. Various, Inc., No. 11-cv-01805-SBA (DMR), 2011 WL 2437433 at *2 (N.D. Cal. June 17, 2011); Semitool, 208 F.R.D. at 275. In determining whether good cause justifies expedited discovery, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery

process the request was made." American LegalNet, Inc. v. Davis, 673 F.Supp.2d 1063, 1067 (C.D. Cal. 2009).

Courts have permitted early discovery where defendants' identities are unknown or defendants are known only by IP addresses or other anonymous online identifications, especially where information relating to the defendants' identities is in the possession of non-defendant parties. See, e.g., UMG Recordings, Inc. v. Doe, No. 08-cv-1193-SBA, 2008 WL 4104214 at *4 (N.D. Cal. Sept. 3, 2008). In such cases, the lawsuit cannot proceed unless the plaintiff is allowed early discovery because there is no defendant with whom the plaintiff can conduct the Rule 26(f) conference. Here, in contrast, Plaintiff named UMG as a defendant and Plaintiff is aware of at least one prospective defendant's identity: UMG Recordings, Inc., which UMG identified as the entity responsible for removing the video from YouTube. (Dkt. No. 33-4). Consequently, Plaintiff does not need expedited discovery to identify a defendant.

Courts have also permitted early discovery when there is ongoing harm or the evidence sought is in danger of destruction or loss. UMG Recordings, 2008 WL 4104214 at *4; Capitol Records, Inc. v. Doe, 07-cv-1570-JM (POR), 2007 WL 2429830 (S.D. Cal. Aug. 24, 2007). Here, Plaintiff's application for a temporary restraining order and motion for a preliminary injunction have been dismissed, and Plaintiff concedes that there is no ongoing harm as its video is now available on YouTube and elsewhere. Furthermore, UMG has placed a litigation hold on relevant documents possessed by all UMG entities, and YouTube is also aware of the litigation and the need to preserve relevant evidence. (Dkt. No. 35). Therefore, Plaintiff has not demonstrated ongoing harm or likely destruction of evidence.

At oral argument Plaintiff asserted that it should be allowed to take early discovery because it would be more efficient for the court and the parties. In particular, it would enable Plaintiff to identify all relevant defendants prior to the initial case management conference thus reducing the need for later amendments of pleadings. Further, such early discovery would facilitate Plaintiff's analysis of what claims, if any, it can make arising from the brief removal of its video from the internet. The problem with Plaintiff's argument, however, is that it applies to nearly every case. It would probably always be more efficient—at least from

a plaintiff's perspective—to obtain discovery from parties and non-parties before the Rule 26(f) conference; indeed, it would be helpful to a plaintiff to be able to obtain discovery before the plaintiff even files suit. Nonetheless, the federal rules, adopted after much study and thought, dictate a different procedure. As Plaintiff has not articulated any persuasive reason for deviating from that procedure in this case, its motion must be denied.

## CONCLUSION

As Plaintiff has not demonstrated good cause for expedited discovery, Plaintiff's motion is DENIED.

This Order disposes of Dkt. No. 21.

**IT IS SO ORDERED.**

Dated: January 25, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE